# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY TODD GUTIERREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CR-35-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Anthony Todd Gutierrez was convicted on one charge of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1), and was sentenced, *inter alia*, to 120-months' imprisonment. Gutierrez contends: the district court erred by admitting evidence concerning his fight with his parents and injury to his mother because these acts were

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

neither intrinsic to the offense, nor admissible under Federal Rule of Evidence 404(b)(2); and the admission of this evidence was not harmless.

In March 2016, Gutierrez was involved in the altercation with his parents and resulting injuries to his mother. After the altercation, his parents called the police, and Gutierrez fled. Gutierrez' parents consented to a search of the house in which he had been living, which they owned, and the police discovered a homemade gun suppressor, two long-gun cases, and three small-gun cases.

Three hours later, Gutierrez' mother again called police after he returned to the house. Gutierrez fled from the police, initiating a vehicle chase. One witness testified Gutierrez admitted to shooting at authorities during this police chase. The next day, Gutierrez kidnapped his wife, and took her to the house in which he had been staying since the altercation. The house was owned by David Martinez.

Gutierrez' wife testified that, before they moved to Texas from Pennsylvania, Gutierrez bartered a truck for a rifle and a handgun. The rifle was stored under their bed at Gutierrez' parents' house. She had also seen Gutierrez with the rifle four days prior to the incident, and, after being kidnapped, she saw Gutierrez take the rifle in question out of a closet and show Martinez, stating "look what I got".

Five days after the initial incident, officers arrived at Martinez' home, and he consented to its being searched. Martinez confirmed the existence of an assault rifle, telling authorities he had seen Gutierrez search online for how to make a gun silencer with the rifle sitting next to him.

The police discovered the Smith & Wesson M&P-15 self-loading rifle loaded with five rounds of ammunition and with a laser sight and a homemade, PVC-constructed suppressor attached in the hall closet where Gutierrez' wife

had previously seen the rifle.  Officers also discovered in the bedroom in which Gutierrez was staying:  a canvas holster with a handgun magazine, and a canvas bucket containing a 30-round detachable box magazine fitting the rifle in issue.  In Gutierrez' wife's vehicle, officers discovered a 20-round detachable box magazine for that rifle.  Gutierrez was indicted under 18 U.S.C. § 922(g)(1) for being a felon in knowing possession of a firearm and ammunition in, and affecting, interstate commerce.

Evidence of defendant's other bad acts is inadmissible under Rule 404(b) to prove character or to show defendant acted in conformity with such character, but may be admissible for other purposes.  Fed. R. Evid. 404(b); *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).  Before determining whether evidence of other acts was erroneously admitted under Rule 404, the court must classify the evidence as intrinsic or extrinsic, as the former is admissible without regard to Rule 404.  *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010).  The district court's ruling other-act evidence is intrinsic to the charged offense is reviewed for abuse of discretion.  *United States v. Turner*, 674 F.3d 420, 431 (5th Cir. 2012).

The challenged evidence (Gutierrez' fighting with his parents and injuring his mother) was intrinsic because, *inter alia*, it:  gave context to the events leading to these proceedings; and concerned the incident that led to Gutierrez' being discovered in possession of a firearm, and indicted.  *See Rice*, 607 F.3d at 141; *Turner*, 674 F.3d at 431.  Gutierrez has not shown the court abused its discretion in so ruling.

AFFIRMED.